Mr. Frank E. Brown Attorney for the Hillsborough County Civil Service Board Post Office Box 1378 Tampa, Florida 33601-1378
Dear Mr. Brown:
On behalf of the Hillsborough County Civil Service Board, you ask substantially the following questions:
1. May the civil service board restrict closed promotions to classified tenured employees permanently employed in the same agency in which the vacancy exists?
2. May the civil service board restrict return rights to those employees who have attained promotion through closed promotional recruitment?
In sum:
1. The civil service board may not limit promotional eligibility to classified employees in the agency where the vacancy exists, but must include all eligible employees within the civil service system.
2. The civil service board may not restrict return rights to employees who have attained promotion through the closed promotional recruitment system established by the board.
The Hillsborough County Civil Service Board (board), created by special act of the Legislature, serves as the governing board of the employment system for classified employees[1] of twenty-four enumerated agencies within Hillsborough County.[2] The employment system has as its purpose to formulate and implement procedures for the uniform administration of the classified service and covers recruitment, qualification, and classification of "classified" or "career service" employees.[3]
The board is specifically directed to "[a]scertain and record the qualifications, duties, and responsibilities appertaining to all positions in the classified service and classify such positions in accordance with the requirements contained in th[e] act."[4]
Moreover, the board is authorized to adopt rules for the uniform administration of the act.[5] The board's rules governing internal promotions to higher classifications currently impose a "closed promotion" restriction, allowing only classified employees within the agency where a vacancy exists to be considered. For classified employees who have obtained permanent status in their former position but are unsuccessful in completing the probationary period in a promoted position, the board's rules extend the right to return to the lower classification only to those employees who are promoted by "closed promotion."
Question One
The board is required to establish eligibility lists for the various classifications in the classified service.[6] It also must recruit personnel for all classified positions, determine the relative qualifications of persons who seek employment in any class or position, and establish certified employment lists for the classes of positions.[7]
In regard to promotional opportunities, the act states:
"The board shall establish promotion eligibility lists to fill vacancies in classifications whenever there is a lower classification, the duties of which directly tend to fit the incumbents thereof for the performance of the duties of the higher classification. An employee who has not completed the initial probationary period is not eligible for status on a promotion list."[8]
The board has implemented this statutory authority by enacting Rule 6.4 of the Hillsborough County Civil Service Rules. Rule 6.4a.(1), provides:
"Except as provided below, eligibility for closed promotions shall be restricted to those classified employees who are permanently employed in the same agency where the vacancy exists, and who have obtained the rights of a tenured employee in the Civil Service System."
This rule creates a closed promotion procedure whereby only eligible employees of the agency in which a promotional opportunity exists are considered for the position. Eligible employees of other agencies within the civil service system are not given consideration.
When a position in the classified service becomes vacant, the appointing authority may ask the board for a list of eligible candidates. All classified appointments must be made from persons certified by the board as eligible.[9]
As an administrative agency, the board's rulemaking power is limited by the statute conferring the power.[10] An agency's rule is an invalid exercise of delegated legislative authority if it "goes beyond the powers, functions, and duties delegated by the Legislature."[11] If the board exceeds its grant of rulemaking authority or if a rule "enlarges, modifies, or contravenes the specific provisions of law implemented," then the rule is an invalid exercise of delegated legislative authority.[12]
The board's rule allowing for closed promotion procedures does not appear to be supported by the statutory authority granted for the establishment of promotion eligibility lists. There is no such restriction contemplated in section 8(2), Chapter 96-519, Laws of Florida, and neither the board nor this office may impose such a limitation.
Accordingly, it is my opinion that the civil service board may not limit promotional eligibility to classified employees in the agency where the vacancy exists, but must include all eligible employees within the civil service system.
Question Two
You state that under civil service law and rules, tenured or permanent status employees in a classified position who obtain a higher classification through closed promotional recruitment or open recruitment must serve a new probationary period in the higher classification. If the employee fails to achieve permanent status in the higher classification, he or she is removed from the higher classification. The issue arises whether the civil service law protects the employee's return rights to the previously held classification in which the employee had obtained permanent status.
Section 10(1), Chapter 96-519, Laws of Florida, extends the protections of the act to all employees who have successfully completed their initial probationary periods. When a position in the classified service is filled by promotion, the act provides that
"the person so promoted shall serve a period of conditional employment of 6 months in the new position, which may be extended for an additional period of up to 6 months at the discretion of the appointing authority. However, if the probationary period and any extension thereof are not successfully completed, such person shall forthwith be returned to duty to the former classification held in the civil service, provided such person has served the initial probationary period. Unsuccessful completion of a probationary period in a position of promotion is not appealable to the board."[13]
The civil service rules you have cited provide:
"(1) Any classified employee appointed to a vacant classified position having a higher degree of responsibility and pay grade shall be considered promoted. Accordingly, such employees must be selected from a Civil Service Certified Open Recruitment Eligibility List or Closed Promotion Eligibility List in accordance with CS Rule 7.2. Only employees selected for promotionthrough the Closed Promotional procedures shall have return rightsto their former position. (e.s.)
* * *
(4) Whenever a position in the classified service is filled by promotion of a tenured employee through the closed Promotion process and that employee does not perform successfully during the conditional probationary period, the employee shall be returned to the former classification held. Unsuccessful completion of such a probationary period that results in the employee being returned to their former classification is not appealable to the Civil Service Board. [CSL Section 10(2)]
(a) The return of an employee to his or her former classification following unsuccessful performance during the probationary period is not considered a demotion. [CSL Section 5(10)/Section 10(2)]
(b) Upon return to the former classification the employee shall be placed in the same position of the salary range that was held had the employee not left, plus any pay adjustments that the employee would have received. A performance increase, if applicable, may be granted in accordance with Civil Service Rule 8.6g."[14]
You question whether the board's restriction of return rights to those who have obtained a higher classification through closed promotional recruitment is consistent with the civil service act. In light of the response to Question One, the restriction imposed by the board's rules, when read consistently with the conclusion reached by this office that a closed promotion procedure may not restrict promotional opportunities to classified employees in the agency where a vacancy exists, would not conflict with the return rights guaranteed by section 10(2), Chapter 96-519, Laws of Florida.
As you have noted, section 5(18), Chapter 96-519, Laws of Florida, defines "[p]romotion" to mean "moving an employee from a position in one class to a position in another class having a greater degree of responsibility and a higher pay grade." The act appears to make no distinction between employees within the same agency and those who are members of the civil service system within the county. In fact, section 10(2), Chapter 96-519, Laws of Florida, directs that a promoted employee who fails to complete the probationary period in the higher classification "shall forthwith be returned to duty to the former classification held in the civilservice[.]" (e.s.)
Thus, I cannot conclude that the civil service board may restrict return rights to employees who have been promoted within the same agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 5(7), Ch. 96-519, Laws of Fla., defines "Classified employee" as "an employee whose position is subject to the rights contained in this act and in rules adopted by the board."
[2] Sections 4 and 7, Ch. 96-519, Laws of Fla. Section 4, Ch. 96-519, Laws of Fla., makes the act applicable to the twenty-four enumerated agencies "and any other agency or authority not expressly exempt from this act."
[3] Section 2, Ch. 96-519, Laws of Florida. And see, s. 7, Ch. 96-519, Laws of Fla.
[4] Section 7(3)(d), Ch. 96-519, Laws of Fla.
[5] Section 7(3)(a), Ch. 96-519, Laws of Fla.
[6] Section 8(1), Ch. 96-519, Laws of Fla.
[7] Section 7(3)(e), Ch. 96-519, Laws of Fla.
[8] Section 8(2), Ch. 96-519, Laws of Fla.
[9] Section 9(2), Ch. 96-519, Laws of Fla.
[10] See, Department of Professional Regulation v. FloridaSociety of Professional Land Surveyors, 475 So.2d 939, 942 (Fla. 1st DCA 1985).
[11] Section 120.52(8), Fla. Stat.
[12] Section 120.52(8)(b) and (c), Fla. Stat.
[13] Section 10(2), Ch. 96-519, Laws of Fla.
[14] Rule 7.3g, Hillsborough County Civil Service Rules.